UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHRISTOPHER CAPODANNO and
JILL CAPODANNO,

CASE NO.: 09-80534 -CIV-MARRA

      Plaintiff,

vs.

PREMIER TRANSPORTATION &
WAREHOUSING, INC. and LIBERTY
MUTUAL INSURANCE COMPANY,

      Defendant.
_____/

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs, CHRISTOPHER CAPODANNO and JILL CAPODANNO, by and through the undersigned counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, hereby move this Honorable Court for the entry of an Order compelling Defendant, PREMIER TRANSPORTATION & WAREHOUSING, INC., to produce for inspection and copying the items enumerated below, pursuant to Plaintiff's Request for Production propounded to Defendant on May 12, 2009. Defendant's Response was mislabeled "Defendant Premier's Notice of Service fo Answers to Interrogatories," and served on June 16, 2009.

1.    a.    Item #1 requested: "Defendant is requested to produce a copy of any and all witness statements concerning this action or the subject matter of this action."

        b-c.    Defendant's response: "Objection, work product. Defendant has a statement of its driver, Paul Rowdy, given to Premier as part of its accident investigation and in anticipation of litigation."

Case 9:09-cv-80534-KAM  Document 14  Entered on FLSD Docket 07/16/2009  Page 2 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 2

  d. Reason to compel: The driver's statement is relevant on the question of liability. Defendant asserts that the statement is work product, but the statement was given to the Defendant, not an attorney. Materials prepared in the ordinary course of business are not protected. The burden is always on the party withholding discovery to show that documents should be afforded immunity. The mere unsupported assertion that material sought is covered by work product privilege is not sufficient to render such material undiscoverable. <u>Goosman v. A Duie Pyle, Inc.</u>, 320 F2d 45, C.A., Md., 1963 ; <u>Columbia/HCA Healthcare Corp.</u>, 192 FRD 575, M.D. Tenn., 2000; <u>Stabnow v. Consolidated Freightways Corp. of Delaware</u>, 2000 WL1336645, D. Minn., 2000; <u>Broadnax v. ABF Freight Systems, Inc.</u>, 180 FRD 343, N.D. Ill., 1998; <u>Ennis By and Through McMillan v. Henderson Trucking Service, Inc.</u>, 141 FRD 258, E.D. NC, 1999.

 2. a. Item #2 requested: "Defendant is requested to produce copies of any and all policies of insurance which allegedly provide liability insurance coverage to the Defendant for the accident described in the Complaint."

  b-c. Defendant's response: "See Dec pages attached."

  d. Reason to compel: Plaintiffs are entitled to a complete copy of the liability policies, to determine what coverages are in effect.

 3. a. Item #3 requested: "Defendant is requested to produce a copy of any and all policies of insurance of any kind or nature, which would provide benefits to the Plaintiff by reason of accident described in the Complaint."

  b-c. Defendant's response: "See above response"

  d. Reason to compel: See 2d above.

Case 9:09-cv-80534-KAM   Document 14   Entered on FLSD Docket 07/16/2009   Page 3 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 3

4.    a. Item #4 requested: "Defendant is requested to produce any property in the possession of the Defendant on the date of the accident described in the Complaint which was involved in the accident described in the Complaint and which property contains marks or damage as a result of the accident described in the Complaint, or if such property no longer contains such marks or damage in the same condition as it did on the date of the accident described in the Complaint subsequent to said accident, then produce for examination copies of any and all photographs showing such marks or damage."

    b-c.    Defendant's response: "Objection, vague and ambiguous."

    d.    Reason to compel: If Defendant's vehicle, accessories, or its contents were damaged, such evidence is reasonably calculated to show the force of the impact and/or how the accident occurred.

5.    a.    Item #6 requested: "Defendant is requested to produce any photographs of the Defendant's vehicle showing any marks or damage on said vehicle, which were the result of the accident described in the Complaint."

    b-c.    Defendant's response: "Objection, work product"

    d.    Reason to compel: Photographs of the damage are relevant to show negligence and causation. The vehicle has been moved out of state. Defendant's response to item number 7 suggests the vehicle has been repaired. Plaintiffs are therefore unable to obtain photographs of the damages. Photographs of the damage are not protected from disclosure. Huggins v. Federal Express Corp., 250 F.R.D. 404, E.D. Mo., 2008; Zoller v. Conoco, Inc., 137 FRD 9, W.D. La., 1991.

6.    a.    Item #7 requested: "Defendant is requested to produce any written

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 4

document, repair estimate or report of examination describing in any way the nature and extent of the damage to Defendant's property which occurred as a result of the accident described in the Complaint or any such documents reflecting conditions of the Defendant's property immediately prior to the accident described in the Complaint which said conditions have subsequently been repaired or corrected or no longer exist."

        b-c.    Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

        d.    Reason to compel:  See 4d above.

7.    a.    Item #9 requested: "Copies of any incident or accident reports, prepared by any person or entity, pertaining to the wreck described in the Complaint."

        b-c.    Defendant's response: "Objection, irrelevant and work product. Defendant has an accident report made in anticipation of litigation."

        d.    Reason to compel: Accident reports prepared in the ordinary course of business, and not containing attorney opinion, are generally discoverable.  <u>Goosman v. A Duie Pyle, Inc.</u>, 320 F2d 45, C.A. Md., 1963; <u>Frederick v. Swift Transportation Co., Inc.</u>, 2007 WL 2265504, D. Kan., 2007; <u>Stabnow v. Consolidated Freightways Corp. of Delaware</u>, 2000 WL1336645, D. Minn., 2000; <u>Ennis By and Through McMillan v. Henderson Trucking Service, Inc.</u>, 141 FRD 258, E.D. NC 1999; <u>Broadnax v. ABF Freight Systems, Inc.</u>, 180 FRD 343 N.D. Ill., 1998.

8.    a.    Item #11 requested: "Repair estimates for damages to Defendant's tractor and trailer which was involved in this wreck."

        b-c.    Defendant's response: "See response to 7."

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 5

        d.      Reason to Compel: See 4d above.

9.    a.    Item #12 requested: "A copy of all of your driver's driving licenses in effect on the date of this wreck."

        b-c.    Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

        d.      Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 383.1 et. seq. Whether their driver was properly licensed to operate this rig is highly relevant on the issue of negligence.

10.    a.    Item #13 requested: "A copy of the 'accord' statement you filed with any insurance carrier to advise them of the wreck described in the Complaint, any claim for property damage, or for any other claims involved herein."

        b-c.    Defendant's response: Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

        d.      Reason to compel: See 4d and 7d above.

11.    a.    Item #15 requested: "Copies of any photos, still or motion picture, plans, maps, drawings, blueprints, sketches, diagrams, computer simulations or any other demonstrative evidence relevant to this wreck, including without limitation, pictures of the vehicles involved in the present collision and the area of the collision."

        b-c.    Defendant's response: "Objection, work product."

        d.      Reason to compel: See 4d, 6d, and 7d above.

12.    a.    Item #16 requested: "Any and all documents pertaining to the load being carried at the time of the wreck including but not limited to bills of lading, contracts,

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 6

toll receipts, broker documents, and food, drink, lodging and fuel receipts."

  b-c. Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

  d. Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 373.1, et seq. Such information could lead to evidence concerning potential speeding, driver fatigue, the driver's fitness to drive, damage to the contents and/or the force of the impact.

13. a. Item #17 requested: "Your driver's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21."

  b-c. Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

  d. Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 391.1, et seq. Such information could lead to admissible evidence concerning whether Defendant's driver was properly qualified to operate the subject rig.

14. a. Item #18 requested: "Any and all personnel, DOT, training, human resource, risk management, safety and all other files concerning your driver."

  b-c. Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence.

  d. Reason to compel: See 13d above.

15. a. Item #19 requested: "Your driver's qualification file, including but not limited to the file required under Federal Motor Carrier Safety Regulations of the U.S.

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 7

Department of Transportation, Part 391.51."

   b-c. Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

   d. Reason to compel: See 13d above.

 16. a. Item #20 requested: "Copies of all MVR's reflecting your driver's past driving record."

   b-c. Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

   d. Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 383.31 et. seq. Such information is reasonably calculated to lead to admissible evidence concerning whether the Defendant's driver was fit to operate this rig.

 17. a. Item #21 requested: "Inquiries and responses to state driving agencies and prior employers of your driver made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23. "

   b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

   d. Reason to compel: See 13d above. Moreover, inquiries made before the subject wreck could not possibly be work product.

 18. a. Item #22 requested: "Inquiries and responses concerning annual reviews of driving records and records of violations regarding your driver, made pursuant

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 8

to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27."

    b-c.    Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

    d.    Reason to compel: See 13d and 17d above.

19.    a.    Item #23 requested: "Logs and records commonly known as 'Driver's Daily Logs,' 'MCS-139,' 'MCS-139A,' 'grid sheets' or 'Driver's Multi-Day Logs,' concerning your driver for the period commencing six (6) months prior to the wreck described in the Complaint to and including thirty (30) days after the date of the wreck described in the Complaint."

    b-c.    Defendant's response: "None, see answers to interrogatories."

    d.    Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 395.1 et. seq. Such information is reasonably calculated to lead to admissible evidence on the question of whether Defendant's driver was fatigued at the time of the subject crash.

20.    a.    Item #24 requested: "Results of all drug and alcohol tests administered to your driver since the beginning of his employment to the current date."

    b-c.    Defendant's response: "See test result reports attached to answers to interrogatories." (Nothing was attached)***

    d.    Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 382.1 et. seq. Such information is reasonably calculated to lead

Case 9:09-cv-80534-KAM   Document 14   Entered on FLSD Docket 07/16/2009   Page 9 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 9

to admissible evidence on the question of whether Defendant's driver was reasonably fit to operate their rig.

21. a. Item #25 requested: "Any and all results of any random, 'reasonable cause,' pre-employment, biennial, and post-accident drug and alcohol testing.

b-c. Defendant's response: "Objection, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

d. Reason to compel: See 24d above.

22. a. Item #26 requested: "A copy of any Accident Register or master ledger of accidents, which you maintain. Plaintiffs seek all such registers for the three (3) years immediately prior to this wreck through and including the date of said wreck."

b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence."

d. Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 390.15. Such information is reasonably calculated to lead to admissible evidence concerning the fitness of the Defendant's rig and/or driver.

23. a. Item #27 requested: "Any and all call-in reports or 'accident call records' generated pertaining to this wreck and any driver call-in records or other written or electronic records indicating communications between the company and the driver regarding the movement of cargo or the day-to-day operations of the equipment and/or driver."

b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible

Case 9:09-cv-80534-KAM  Document 14  Entered on FLSD Docket 07/16/2009  Page 10 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 10

evidence."

  d. Reason to compel:  See 7d above.

25. a. Item #29 requested: "Copies of any and all daily vehicle inspection reports concerning the subject tractor and trailer involved in the wreck for the 60 days prior to the wreck, through and including the 10 days after the wreck."

  b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

  d. Reason to compel: Federal law requires the Defendant to maintain this information.  49 CFR 396.1 et seq.  Such information is reasonably calculated to lead to admissible evidence concerning the fitness of the Defendant's rig.

26. a. Item #30 requested: "Copies of the complete maintenance records for your tractor and trailer involved in this wreck for the 6 months prior to and including the wreck, including, without limitation, any inspections, repairs or maintenance as well as daily condition reports from six months prior to the accident through the time of the delivery to the load involved in the accident, including, but not limited to, satellite tracking or position history of the tractor for each trip and any and all computer/e-mail communications between the driver and the motor carrier during each trip."

  b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos.

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 11

34, 36, 42, 43, 44, 45, and 46.

  d. Reason to compel: See 25d above.

27. a. Item #31 requested: "Copies of all lease, rental and/or other agreements regarding the truck, trailer and/or the driver involved in the present collision which may have been applicable at the time of the present collision."

  b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

  d. Reason to Compel: Federal law requires the Defendant to maintain this information. 49 CFR 376.11 et seq. Such information may identify witnesses and/or additional parties who are potentially liable for Plaintiff's injuries.

28 a. Item #32 requested: "Any and all of your driver's fuel receipts, toll receipts, comdata receipts, comdata reports, food receipts, checks, drafts, daily trip reports, payroll records, payroll work sheets and all other driving reports prepared by or about your driver for the period commencing 6 months prior to the collision to 30 days after the collision."

  b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

  d. Reason to compel: This information is reasonably calculated to lead to

Case 9:09-cv-80534-KAM Document 14 Entered on FLSD Docket 07/16/2009 Page 12 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 12

admissible evidence concerning potential driver fatigue and/or speeding.

29. a. Item #34 requested: "All records showing any and all payments associated with all lease, rental and other agreements identified in response to the preceding request, from January 1, 2996 to present."

b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

d. Reason to compel: The request should have stated 2006 to present; it erroneously stated 2996 to present. See 31 d above.

30. a. Item #35 requested: "All claim forms and correspondence concerning this wreck from the owner of the property being transported by you at the time of the wreck."

b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

d. Reason to compel: See 4d and 7d above. Moreover, such information potentially identifies witnesses with relevant information on liability.

31. a. Item #36 requested: "Copies of all documents pertaining to any/all brokers involved in the load being transported at the time of the wreck."

b-c. "Defendant's response: Objection, work-product, overbroad, irrelevant,

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 13

immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46.

    d.    Reason to compel: See 27d above.

32.    a.    Item #37 requested: "Copies of the title and latest tag receipt for the vehicles (tractor and trailer) involved in the present collision.

    b-c.    Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

    d.    Reason to compel: Such information will enable Plaintiffs to verify the owner(s) of the rig that injured the Plaintiffs.

33.    a.    Item #38 requested: Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this wreck.

    b-c.    Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

    d.    Reason to compel: Such information is discoverable and calculated to lead to evidence on liability. In re: Martin Marietta Corp., 856 F 2d 617, C.A.4 (Md), 1988.

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 14

34. a. Item #40 requested: "A copy of all documents showing your authority to operate your trucks through the State of Florida (such as an I.C.C. permit or Certificate of Public Necessity and Convenience) and your permit to operate pursuant to the Interstate Commerce Commission rules."

b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

d. Reason to compel: Federal law requires the Defendant to maintain this information. 49 CFR 392.9a Such information is relevant on the question of liability.

35. a. Item #41 requested: "Complete copies of each and every insuring agreement, bond or reinsurance agreement, along with all declaration's pages, amendments, endorsements, and changes to the policies identified in response to the foregoing interrogatories."

b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

d. Reason to compel: See 2d above.

36. a. Item #42 requested: "Copies of all driver's manuals, company manuals, and other materials pertaining to company, federal, or state rules, in effect at the time of the wreck described in Plaintiff's Complaint."

Case 9:09-cv-80534-KAM   Document 14   Entered on FLSD Docket 07/16/2009   Page 15 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 15

   b-c.   Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

   d.   Reason to compel: Defendant's safety policies are relevant on the question of liability. Maendele v. Rhett Butler Trucking, Inc., 2005 WL1367202, M.D. Ala., 2005.

37.   a.   Item #44 requested: "Dispatch records (written or electronic) indicating assignment of equipment and drivers to cargo pick up and delivery, dates and times of pickup and delivery and any other related factors."

   b-c.   Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

   d.   Reason to compel: Such information will shed light on liability issues such as possible speeding and/or driver fatigue. It will identify witnesses who had contact with Defendant's driver near the time of the wreck.

38.   a.   Item #46 requested: "Copies of internal policies and procedures or safety materials of the defendant motor carrier in effect on the accident date (whether provided to any of its drivers, dispatchers, safety directors, operations managers and/or auditors)."

   b-c.   Defendant's response: Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence.

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 16

Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

    d.    Reason to compel: See 36d above.

    39.    a.    Item #47 requested: "Copies of the factual portion of the motor carrier's internal investigation of this accident, including, but not limited to, determination of whether the accident was chargeable against the driver."

    b-c.    Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

    d.    Reason to compel: See 7d above.

    40.    a.    Item #48 requested: "Copies of the accident files, records and reports of this incident sent by or on behalf of the motor carrier to the DOT and/or any other governmental or regulatory entity."

    b-c.    Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46.

    d.    Reason to compel: See 7d and 33d above.

    41.    a.    Item #49 requested: "Copies of any contracts, leases, or other written agreements between the motor carrier and the driver, the owner/operator or the owner of the tractor or trailer."

Case 9:09-cv-80534-KAM Document 14 Entered on FLSD Docket 07/16/2009 Page 17 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 17

b-c. Defendant's response: "Objection, work-product, overbroad, irrelevant, immaterial, harassing, and not likely to lead to the discovery of admissible evidence. Additionally, as to Nos. 39, 47, and 48, work-product, and vague and ambiguous as to Nos. 34, 36, 42, 43, 44, 45, and 46."

d. Reason to compel: See 27d above. Moreover, such information is relevant on the issue of vicarious liability for the drivers.

Movant counsel further certifies that a bona fide effort to agree or to narrow the issues on the foregoing Motion has ben made with opposing counsel.

WHEREFORE, Plaintiffs request this Honorable Court enter an Order compelling Defendant, PREMIER TRANSPORTATION & WAREHOUSING, INC. to respond to the above-mentioned discovery request and for such other and further relief as this Court deems appropriate.

### Memorandum of Law

The Federal Rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

A party who fails to respond to a discovery request on the grounds that the discovery sought is overly burdensome must do more than simply claim burden. Defendants have failed to support the claim of burden with any specificity as to how providing this information would be unduly burdensome. Josephs v. Harris Corp., 677 F.2d

Case 9:09-cv-80534-KAM  Document 14  Entered on FLSD Docket 07/16/2009  Page 18 of 20

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 18

985, (3 Cir., 1982) ("the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory); see also Momah v. Albert Einstein Medical Center, 164 F.R.D. 412. E.D. Pa., 1996; see Fed.R.Civ.P. 33(b)(4) (The grounds for objecting to an interrogatory must be stated with specificity).

The onus is on the party claiming immunity to provide competent evidence that the materials in question were created in anticipation of litigation. Auto Owners Ins. Co. v. Totaltape, Inc., 135 F.R.D. 199, M.D. Fla., 1990 (finding that plaintiff's argument that the "very nature" of the documents precluded discovery was insufficient)

Written statements of a driver of a tractor-trailer to his immediate employers and to defendant-lessee, the carrier then using his services, made pursuant to Interstate Commerce Commission regulations were not privileged and did not represent the lawyer's work product, as respects production for examination by plaintiff whose automobile collided with tractor-trailer. Motion demanding production of all written statements, and oral statements reduced to writing, made or given by driver of tractor-railer to his employers and to the lessee, the carrier using his services when the tractor-trailer collided with plaintiff's automobile, sufficiently identified the documents sought to be produced. Goosman v. A. Duie Pyle, Inc., 320 F.2d 45, C.A.Md. 1963.

Trucking company's accident prevention report, letter written to truck driver by his supervisor to inform him of his status after accident, and truck driver's report regularly required by trucking company of its drivers involved in accidents were not prepared in anticipation of litigation and thus were not within work product protection. Ennis By and

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 19

<u>Through McMillan v. Anderson Trucking Service, Inc.</u>,141 F.R.D. 258, E.D.N.C.,1991.

Requests that tractor-trailer driver's former and current employers produce driver's personnel files, job applications, job descriptions, and performance evaluations were held relevant in personal injury action arising out of automobile collision, in that driver's safety record, work history, and performance issues could reveal that driver had history of other accidents or safety violations; therefore, driver was not entitled to have subpoenas issued to employers quashed on grounds of irrelevancy. The Court did not find the request overly broad on its face to the extent it asked the employer to produce discrete documents, i.e., Ramsey's personnel file, job application, job description, and performance evaluations. Moreover, the Court did not find that Ramsey has satisfied his burden to show how the request for these particular documents is overly broad. The Court therefore overruled the overbreadth objection to the extent the subpoena requests each employer to produce Ramsey's personnel file, job application, job description, and performance evaluations. Stewart v. Mitchell Transport, Not Reported in F.Supp.2d, 2002 WL 1558210, D.Kan.,2002.

In the instant case, the Defendant has essentially refused to produce any information about their driver, their vehicle or the subject accident. Upon information and belief, these documents were made in the normal course of business, and in many instances are required by federal regulations. Such documents are not work product. There is no undue burden for the defendants to provide copies of same. Moreover, the plaintiffs, who were severely injured by the negligence of the defendant, are not reasonably able to obtain such information by other means.

Capodanno v. Premier Transportation, et al
Plaintiff's Motion to Compel
Page 20

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this 16th day of July, 2008 to the following:

Kenneth P. Carman, Esq.,
Attorney for Defendant Liberty
Carman, Beauchamp & Sang, P.A.
3335 N.W. Boca Raton Blvd.
Boca Raton, FL 33431

Jeff Pivnik, Esq.,
Attorney for Defendant Premier Transportation
Pivnik & Nitsche, P.A.
9100 South Dadeland Boulevard
One Datran Center, Suite 1009
Miami, Florida, 33156

Steinger, Iscoe & Greene P.A.
1645 Palm Beach Lakes Boulevard, 9th Floor
West Palm Beach, FL 33401
(561) 616-5550
Attorney for Plaintiff

_____
Neil P. Anthony, Esquire
Florida Bar No.: 0597287