UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80534-CIV-MARRA/JOHNSON

CHRISTOPHER CAPODANNO
and JILL CAPODANNO,

    Plaintiffs,

vs.

PREMIER TRANSPORTATION &
WAREHOUSING, INC., and LIBERTY
MUTUAL INSURANCE COMPANY,

    Defendants.
_____/

*Revised*

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PREMIER'S MOTION TO COMPEL

THIS CAUSE is before the Court on Defendant Premier Transportation & Warehousing, Inc.'s (Premier) Motion To Compel (DE 108), which is now ripe for adjudication. The Motion seeks to enforce compliance with a subpoena served on Facebook by Defendant, and to compel Plaintiffs to execute authorizations to allow Facebook to disclose the documents requested in the subpoena.[1] The subpoena requests Facebook to provide "[a]ny and all internet usage activity of record, whether current or deleted, from the internet user's page, including but not limited to: private messages, page comments, friends, friend requests, blogs, bulletins,

---

[1] The court notes that the subpoena, dated December 18, 2009, requests production of records by Facebook by September 11, 2009. These dates do not appear to have proper sequence. (DE 108-1 at 1-2.) Plaintiffs' Objection to Defendant's Notice of Issuance of Subpoena bears a January 6, 2010, date. (Id. at 4-5). Facebook's subpoena objections to Defendant's counsel is dated February 2, 2010. (DE 108-1 at 5.)

IOP addresses from visitors viewing profile, etc., which pertain to Christopher Capodanno. . . . and Jill Capodanno."[2] (DE 108-1 at 1.) Defendant has withdrawn that portion of the motion as it relates to Facebook. (See DE 120)

Plaintiffs object to the subpoena, indicating that it "asks for every bit of data ever entered in [Plaintiffs'] Facebook accounts, without limitation." (DE 110 at 1, ¶ 2.) Further, Plaintiffs allege that both the subpoena and the authorizations that Defendant seeks invade their privacy and "are overbroad, harassing, unduly burdensome, oppressive, annoying, nor reasonably calculated to lead to admissible evidence, and seek information that is not readily available." (DE 110 at 1, ¶ 3.) Further, Plaintiffs indicate that the fact that they were severely injured in the accident related to this action does not give "Premier the right nor the need to snoop through all their email without limitation" (DE 110 at 2, ¶ 4), placing Defendant's inquiry into the category of a "fishing expedition" (DE 110 at 2).

In rebuttal, Defendant points out that Plaintiffs did not object to a request for production served on them on October 5, 2009, wherein Defendant asked for "[a]ny and all photographs and videos of the Plaintiffs, including wedding videos, vacation photos or videos, taken after the accident that is the subject of this case." (DE 13 at 2, ¶ 3.) Additionally, Defendant indicates that in her deposition, Jill Capodanno testified about her use of Facebook "to communicate with people about medical treatment and to post photos of herself and her husband." (Id.) Defendant goes on to clarify that it "does not want Plaintiffs or Facebook to produce every single communication with [Jill Capodanno's] friends - only the ones that pertain to her medical treatment or that mention any physical activities since the accident," contending that Ms. Capodanno "could have and should have, in response to the

---

[2] The URL profiles for each Plaintiff are also provided in the subpoena's text, along with Plaintiffs' Social Security Numbers and dates of birth (both of which have been sanitized in the court's copy of the subpoena). (DE 108-1.)

Oct. 5 request to produce, printed out and produced all photos from her Facebook page, and that produced any other responsive photos," but failed to do so without objection. (DE 113 at 2-3, ¶ 3.) Moreover, Defendant represents to the court that it "has reached an agreement with Facebook regarding its compliance with Premier's subpoena" and that "Facebook agrees to produce the information sought in Premier's subpoena...to the Capodannos' counsel, once it receives valid notarized consent forms...and a $150.00 processing fee each." (DE 120.) Defendant agrees to allow Plaintiffs' counsel to review the aforesaid information and to allow Plaintiffs to "produce only responsive records."[3] (DE 113 at 3, 120.)

After considering the parties' arguments, it is hereby **ORDERED AND ADJUDGED** that:

1. Premier's Motion to Compel (DE 108) is **GRANTED IN PART AND DENIED IN PART**;

2. The Motion is **GRANTED** as to requiring Plaintiffs to execute a limited authorization to Facebook;

3. Within five days from the date of this Order, Plaintiff shall execute an authorization allowing Facebook to provide to Plaintiffs' counsel all communications that pertain to Plaintiffs' medical treatment as a result of the accident related to this action, or that mention Plaintiffs' physical activities since said accident. The authorization shall also authorize Facebook to provide Plaintiffs' counsel all photographs and videos of Plaintiffs taken after the date of the accident involved in this litigation;

---

[3] Defendant points out that this court previously ordered Plaintiffs to sign authorizations to get Jill Capodanno's out-of-state doctor's records, indicating that the same rationale for entry of that Order applies to the Motion at bar. (DE 113 at 3.)

3

4.    Plaintiffs' counsel shall review the documentation provided by Facebook within ten (10) days of receipt of same, and provide all responsive records to Defendant within five (5) days of completion of said document review;

5.    Compelling production of any other documents encompassed by the balance of the subpoena's language served on Facebook is **DENIED**.

**DONE AND ORDERED** In Chambers at West Palm Beach, Florida, this 4 day of March, 2010.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE.

Copies to:   Honorable Kenneth A. Marra, United States District Judge
All Counsel of Record

73923.000004 EMF_US 30064504v1