UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80534-CIV-MARRA

CHRISTOPHER CAPODANNO and JILL
CAPODANNO,

Plaintiffs,

vs.

PREMIER TRANSPORTATION &
WAREHOUSING, INC. and LIBERTY
MUTUAL INSURANCE COMPANY,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Premier Transportation & Warehousing, Inc.'s Motion to Strike Paragraph Five from Complaint or Motion for Judgment on the Pleadings (DE 67). This Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs Christopher Capodanno and Jill Capodanno ("Plaintiffs") bring this action against Premier Transportation & Warehousing, Inc. ("Premier") and Liberty Mutual Insurance Company ("Liberty Mutual") arising out of a motor vehicle accident between Plaintiffs and Premier. According to the allegations of the Third Amended Complaint, Premier owned a vehicle driven by Rowdy Howard. (Third Am. Compl. ¶ 2.) Mr. Howard was negligent in his operation of the vehicle, causing it collide with Plaintiffs' vehicle. (Third Am. Compl. ¶ 3.) Premier was negligent in failing to properly equip and maintain the vehicle, including the failure to install appropriate mirrors. (Third Am. Compl. ¶ 4.) "Premier was negligent in hiring,

supervis[ing] and training Mr. Howard in ways which included: selecting an unfit driver with multiple moving violations, not properly checking his driving history, not testing his driving ability, and not providing him with safety training or education." (Third Am. Compl. ¶ 5.)  Count one of the Third Amended Complaint is a negligence count against Premier and count two is a claim for uninsured motorist coverage against Liberty Mutual.

Premier now seeks to strike paragraph five from the Third Amended Complaint.  Premier claims that because it has admitted liability and agency for its driver (see Answer ¶ 5), it is appropriate to either strike paragraph five of the Third Amended Complaint or grant judgment on the pleadings.  The Court disagrees.  Defendant is not entitled to relief under either Rule 12(c) or 12(f) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction ofthat Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[1] quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). Simply put, nothing about paragraph five of the Third Amended Complaint is "redundant,

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)

immaterial, impertinent, or scandalous."  Thus, there is no material barred under Rule 12(f) and the Court denies the motion to strike on this basis.

Nor is Premier entitled to judgment on the pleadings.  "Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law."  <u>Ortega .v Christian</u>, 85 F.3d 1521, 1524 (11th Cir. 1996) <u>citing</u> Fed. R. Civ. P. 12(c).  The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party.  See <u>Hawthorne v. Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998).  The Court may not enter judgment on the pleadings unless the allegations in the complaint contain "enough facts to state a claim for relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Under this standard, assuming the allegations in paragraph five of the Third Amended Complaint are true, that would not result in a judgment in favor of Premier.  After all, these facts allege the negligence of Premier in the hiring, supervision and training of Mr. Howard.

None of the cases cited by Premier alter this finding.  Premier relies upon several cases interpreting Missouri law which allows for the dismissal of negligent hiring claims against trucking companies when they admit agency.  The Florida cases cited merely stand for the position that juries should not be allowed to consider prior driving records and that a negligent hiring theory of recovery should not be presented to a jury in a motor vehicle case where they impose no additional liability on the employer than already imposed under the dangerous instrumentality doctrine.  <u>Dade County v. Carucci</u>, 349 So. 2d 734 (Fla. Dist. Ct. App. 1977); <u>Clooney v. Geeting</u>, 352 So. 2d 1216 (Fla. Dist. Ct. 1977).  Both of these cases, however, address the type of evidence that a jury should be allowed to hear.  At this point in the

proceeding, the Court is not ruling on evidentiary matters.  Nor is a judgment on the pleadings an appropriate device to obtain such a ruling.  Thus, Premier has made no compelling argument that it is entitled to judgment on the pleadings on the negligence count.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Premier Transportation & Warehousing, Inc's Motion to Strike Paragraph Five from Complaint or Motion for Judgment on the Pleadings (DE 67) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge