UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80534-CIV-MARRA

CHRISTOPHER CAPODANNO and JILL
CAPODANNO,

Plaintiffs,

vs.

PREMIER TRANSPORTATION &
WAREHOUSING, INC. and LIBERTY
MUTUAL INSURANCE COMPANY,

Defendants.
_____/

PREMIER TRANSPORTATION &
WAREHOUSING, INC.,

Third Party Plaintiff

vs.

NAVISTAR, INC. f/k/a/ INTERNATIONAL
TRUCK AND ENGINE CO.,

Third Party Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiffs Christopher Capodanno and Jill

Capodanno's ("Plaintiffs") Motion to Strike Defendant Premier Transportation's Third Party

Complaint (DE 70); Third Party Defendant Navistar, Inc.'s ("Navistar") Motion to Dismiss

Premier Transportation & Warehousing, Inc.'s Third Party Complaint and Motion to Strike

Claims for Punitive Damages, Attorney's Fees and Costs (DE 74) and Defendant Premier

Transportation & Warehousing, Inc.'s ("Premier") Unopposed Motion to File Sur-Reply to Navistar's Reply in Support of its Motion to Dismiss Third Party Complaint (DE 83).  The Court has carefully reviewed in the motions and is otherwise fully advised in the premises.

I.  Background

On November 5, 2009, the Court granted Plaintiffs' motion for leave to file a Third Amended Complaint. (DE 59.) Plaintiffs bring this negligence action against Premier arising out of a motor vehicle accident between Plaintiffs and Premier.  According to the allegations of the Third Amended Complaint, Premier owned a vehicle driven by Rowdy Howard. (Third Am. Compl. ¶ 2.)   Mr. Howard was negligent in his operation of the vehicle, causing it collide with Plaintiffs' vehicle. (Third Am. Compl. ¶ 3.)  Premier was negligent in failing to properly equip and maintain the vehicle, including the failure to install appropriate mirrors. (Third Am. Compl. ¶ 4.)  Significantly, the Third Amended Complaint added the allegation that the truck lacked the necessary mirrors.

In response, Premier filed its Answer along with a Third Party Complaint on November 13, 2009. (DE 66.)   The Third Party Complaint alleges that Premier purchased from Navistar/International's dealer a 2004 International 9900ix truck. (Third Party Compl. ¶ 3.)  Premier states that Navistar is the manufacturer and seller of the truck and it was negligent for selling a truck without a fender-mounted mirror. (Third Party Compl. ¶ ¶ 6, 15.)  The Third Party Complaint brings claims for contribution (count one), negligence (count two), strict liability (count three) and breach of implied warranty (count four).

Plaintiffs move to dismiss Premier's Third Party Complaint and asserts that the Third Party Complaint is untimely. In addition, Plaintiffs argue that Premier cannot bring a contribution

2

claim against Navistar.[1]  Navistar makes these same arguments and also argues that the claim for breach of implied warranty fails to plead properly privity of contract and that the claim for punitive damages, attorney's fees and costs should be stricken.

   II.  Timeliness

When a defendant seeks to joint a third party defendant, the governing rule is Rule 14(a) of the Federal Rule of Civil Procedure.  That rule provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a).

An answer to an amended complaint can function as an original answer within the meaning of this rule if the amended complaint changes the need for impleader.  An example of such a circumstance is when the newly amended complaint sets forth a new theory of liability. Under that circumstance, if a third party complaint is filed within ten days of the filing of an answer to the amended complaint, leave of the court is not necessary.  See, e.g., United National Ins. Corp. v. Jefferson Downs Corp., 220 F.R.D. 456, 458 (M.D. La. 2003); Reynolds v. Rick's Mushroom Service, Inc., No. Civ. A. 01-3773, 2003 WL 22741335, at * 4 (E.D. Pa. 2003); Guarantee Co. of North America v. Pinto, 208 F.R.D. 470, 473 (D. Mass. 2002).  This  is the circumstance before the Court in the instant case.  Given that the Third Amended Complaint claimed for the first time that faulty mirrors played a role in the accident, Premier timely filed its

---

[1] The Court questions how Plaintiffs have standing to move to strike or dismiss a claim not asserted against them.  Because Navistar has raised the same issues in its motion, the Court will address the issues raised by Plaintiffs' motion.

Third Party Complaint once Premier filed the Third Amended Complaint.

### III.  Legal Standard for Motion to Dismiss [2]

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

---

[2] Although Plaintiffs titled their motion as motion to strike, they state that the Third Party Complaint should be dismissed for failure to state a claim upon which relief can be granted. (Motion at ¶ 2.)

IV.  Discussion

A.  Economic Loss Rule

Navistar argues that the economic loss rule bars the claims for negligence, strict liability and breach of implied warranty. In support, Navistar relies upon <u>Turbomeca, S.A. v. French Aircraft Agency, Inc.</u>, 913 So. 2d 714 (Fla. Dist. Ct. App. 2005).  The Court agrees that this case controls with respect to the claims for negligence and strict liability.  The pertinent portion of that opinion states as follows:

> [A] manufacturer or distributor in a commercial relationship has no duty beyond that arising from its contract to prevent a product from malfunctioning or damaging itself.  In this case, [Plaintiff] has suffered a purely economic loss due to what it alleges is a defective product. It cannot recover for this loss under tort theories. A manufacturer in a commercial relationship has no duty under either negligence or strict product-liability to prevent a product from injuring itself. [<u>Indemnity Ins. Co. v. American Aviation, Inc.</u>, 891 So. 2d 532, 5540 (Fla. 2004)] (citing <u>E. River S.S. Corp. v. Transamerica Delaval, Inc.</u>, 476 U.S. 858, 871 (1986)).
>
> Contrary to Plaintiff's assertions, it cannot avoid the economic loss rule, as a matter of law, because Plaintiff has suffered no personal injury or damage to other property. Although the pilot and the two passengers were injured, Plaintiff has no claim against Defendant for any physical injuries to itself. See <u>Fla. Power & Light Co. v. Westinghouse Elec. Corp.</u>, 510 So.2d 899, 900 (Fla.1987) (manufacturer of goods cannot be held liable where plaintiff not injured by defect in goods). Physical injury to third parties is insufficient to satisfy this economic loss rule exception. Plaintiff does not stand in any relation to the injured parties to be able to assert their injuries to satisfy this requirement; the pilot and the passengers asserted their own claims for personal injuries. See <u>Airport Rent-A-Car Inc. v. Prevost Car, Inc.</u>, 660 So.2d 628, 632 (Fla.1995) (where purchaser has no claim for personal injury there can be no independent tort for economic loss) (citing <u>AFM Corp. v. So. Bell Tel. & Tel. Co.</u>, 515 So.2d 180 (Fla.1987)).

<u>Turbomeca</u>, 913 So. 2d at 716 (internal quotation marks omitted).

Based on this clear Florida precedent, and in conjunction with the absence of any allegations in the Third Party Complaint that Premier independently suffered any property or

personal damage, the economic loss rule bars the claims for negligence and strict liability. However, the rule announced in Turbomeca provides no basis to apply the economic loss rule to the breach of implied warranty claim. Given that a warranty, whether express or implied, is fundamentally a contract, the economic loss rule cannot be extended to a claim for breach of implied warranty. See Zurich American Ins. Co. v. Hi-Mar Speciality Chemicals, LLC, No. 08-80255, 2009 WL 1851124, at * 5 (S.D. Fla. June 29, 2009) (warranties are fundamentally contracts); Elizabeth N. v. Riverside Group, Inc., 585 So. 2d 376, 378 (Fla. Dist. Ct. App. 1991) (same).

### B. Breach of Implied Warranty Claim

Navistar moves to dismiss the breach of implied warranty claim based on the failure of the Third Party Complaint to allege privity of contract between Premier and Navistar. Premier does not deny that privity is necessary to allege this claim. See, e.g., Zurich American, 2009 WL 1851124, at * 5; Kramer v. Piper Aircraft Corp., 520 So.2d 37 (Fla.1988); West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla.1976). Instead, Premier states that it adequately alleged privity or, alternatively, seeks leave to amend more precisely these allegations.[3] Specifically, Premier states that it bought the truck from Navistar's agent, such that Premier was therefore in privity to Navistar. This claim is not clear from Premier's allegations. See Third Amended Complaint ¶¶ 3, 15, 20-22. Therefore, this count is dismissed without prejudice to allow Premier to allege more precisely the basis for an agency relationship.

---

[3] Premier also attaches to its response a purchase order and references hearsay statements of the dealer's representatives. (DE at 15-16.) Of course, it is axiomatic that at the motion to dismiss stage, the scope of the Court's review is limited to the four corners of the complaint. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir.2002).

    C.  Remaining issues

Navistar seeks to strike Premier's claims for punitive damages, attorney's fees and costs. In response, Premier states that has not sought this relief from Navistar.  Therefore, Premier should amend the Third Party Complaint to reflect that it is not pursuing this relief from Navistar.

Finally, with respect to Navistar and Plaintiffs' contention that Premier is barred from making a contribution claim based on T & S Handicap Accessibility, Inc. v. Wink Industrial Maintenance & Repair, Inc., 11 So. 3d 411 (Fla. Dist. Ct. App. 2009), the Court is reserving ruling on this issue.

    V.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs' Motion to Strike Defendant Premier Transportation's Third Party Complaint (DE 70) is **DENIED IN PART AND RESERVED IN PART**.

2) Third Party Defendant Navistar, Inc.'s Motion to Dismiss Premier's Third Party Complaint and Motion to Strike Claims for Punitive Damages, Attorney's Fees and Costs (DE 74) is **DENIED IN PART, GRANTED IN PART AND RESERVED IN PART**.  The Motion to Dismiss is denied in part, granted in part, and reserved in part.  The Third Amended Complaint is timely.  The claims for negligence and strict liability are dismissed, the claim for breach of implied warranty is dismissed with leave to amend and the Court reserves on the contribution claim.  The Motion to Strike is granted.  Premier is granted leave to file an amended Third Party Complaint consistent with the directives in this

>Order.

3)  Defendant Premier's  Unopposed Motion to File Sur-Reply (DE 83) is

>**GRANTED**.

>**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 29th day of March, 2010.

>    _____
>    KENNETH A.  MARRA
>    United States District Judge